### LEVEY v. DUFF et al.

(Supreme Court, Appellate Term. November 10, 1904.)

1. PLEADING—VERIFICATION.

In an action on an oral agreement, a verification by attorney to an amended answer stating that the reason it was not made by defendant was that he was in Europe was sufficient under Municipal Court Act, § 164. subd. 3 (Laws 1902, p. 1541, c. 580), expressly providing that, "where the party is not within the county where the attorney resides, the verification may be made by the attorney."

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Harry Levey against James C. Duff and others. From a judgment for plaintiff, defendant Duff appeals. Reversed.

¶ 1. See Pleading, vol. 39, Cent. Dig. § 890.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZ-GERALD, JJ.

Louis Steckler, for appellant.

Jacobson & Siegel, for respondent.

FREEDMAN, P. J. The plaintiff's bill of particulars filed in this action sets forth that at the request of the defendants the plaintiff cleaned and repaired the wardrobe of the theatrical play known as the "Country Girl" on October 1, 1903, for an agreed price of $175. That said wardrobe was again cleaned and repaired at defendants' request on January 4, 1904, at an agreed price of $127, and it was admitted that the sum of $150 had been paid to apply on said account. The bill of particulars followed the allegations of the verified complaint. The defendants appeared by separate attorneys, filed separate answers, and at the close of the trial the complaint was dismissed as to the defendant Eaves.

The original answer filed by the defendant Duff denied the material allegations of the complaint, and pleaded that he was not a partner of the defendant Eaves, and that the action was improperly brought by joining him with said defendant. The parties came before the court upon June 8, 1904, and the case was set down for trial on June 15, 1904. It appears that between June 8th and June 15th the defendant Duff was called to Europe; that a search was made in his office by his codefendant, who, it was shown upon the trial, was his manager, which search resulted in finding a letter from the plaintiff to Duff demanding payment of a bill of $175, and a receipt from plaintiff, dated October 20, 1903, for the payment of said sum. Duff's attorney thereupon prepared and served an amended answer, repeating the denials and allegations in his former answer, and also setting up full payment to the plaintiff of his claim, and averring that plaintiff's first bill of $175 was fully paid, and his second bill of $127 was overpaid by the payment of the $150 admitted by plaintiff, and demanded judgment against the plaintiff for $23. This answer was verified by the attorney for Duff, who, in addition to setting forth the usual statements required in the verification of pleadings, added "that the reason why this verification is not made by the defendant Duff is that said defendant is now in Europe, and not within the county where deponent resides, viz., the county of New York." Upon the opening of the trial the attorney for the defendant Duff asked leave to file this verified answer. At first the court received it, but subsequently, and before any testimony was given, the plaintiff moved to strike out the amended answer on the ground that it was not properly verified, which motion the court granted, and the amended answer was stricken out. The criticism of the plaintiff's attorney made to the verification was: "It is verified by the attorney, instead of the defendant himself. This is not an action on a written instrument; it is an action on an oral contract. The statement contained in the verification, the reason for the attorney making it is that the defendant himself is out of the county, or in Europe." During the course of the trial, when testimony was sought to be

introduced in support of some of the allegations set up in the amended answer, objection thereto was made, and the proof was not given. The striking out of the amended answer was error. Section 164 of the Municipal Court Act (Laws 1902, p. 1541, c. 580) provides that the verification of a pleading must be made by a party, "or" (subdivision 3, § 164), "where the party is not within the county where the attorney resides, * * * the verification may be made by the agent of or the attorney for the party." This is exactly what was done in the case at bar. The amended answer should have been received, and for this error the judgment should be reversed. The other points raised by the appellant need not be considered.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.